UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FRIENDS OF THE EARTH | ) | |
| 1101 15th Street, N.W. | ) | |
| Washington, D.C. 20005, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ No. |
| | ) | |
| U.S. DEPARTMENT OF THE INTERIOR, | ) | |
| 1849 C. Street, N.W | ) | |
| Washington, DC 20240, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C.

§ 552, to compel the United States Department of Interior ("DOI") to release non-exempt records

concerning DOI's ethics standards and contracts with public relations or communications firms,

as well as the activities of highly placed officials within DOI.  These records are all essential to

efforts by Plaintiff Friends of the Earth ("FOE") to monitor and educate the public regarding

DOI's administration of statutes enacted to protect the public lands which DOI is mandated to

protect, and the degree to which DOI's regulatory actions may be unduly influenced by the very

extractive industries that the Department is required to regulate.  Accordingly, Plaintiff FOE has

been attempting for several months to gain access to the requested records that it believes will

shed light on these matters.  However, DOI has failed to process FOE's FOIA requests within

FOIA's statutory deadlines, and thus has failed to either provide FOE with non-exempt

responsive records or provide FOE with a determination explaining what information DOI is

withholding and the basis for that decision.

## JURISDICTION

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

3.      Plaintiff FOE is a non-profit organization headquartered in Washington, D.C.  For more than forty years it has championed the causes of a clean and sustainable environment, protection of the nation's public lands, and the exposure of political malfeasance and corporate greed.  FOE is the requester of the records at issue.

4.      Defendant DOI is a federal agency with possession of the records at issue.

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS

### A.      DOI's Entanglement With Regulated Entities

5.      FOE has long been concerned that DOI is subject to an undue degree of influence from industries whose activities the Department is supposed to regulate, in large part because of the phenomenon of the "revolving door" between the Department and such industries, through which representatives of regulated industries are appointed to positions of significant influence in administrative agencies, then subsequently leave government service and re-enter the private sector, and may again be appointed to influential positions within the Department.  This "revolving door" largely functions to the benefit of regulated entities at the expense of natural resources that administrative agencies are required by law to safeguard, and this process also often occurs in a manner that is not at all transparent to the public.

6.      The DOI officials at issue in this case provide illustrative examples of the "revolving door" between government and industry.  For example, David Bernhardt, Deputy Secretary of the Interior, began his career in a firm that practices law and lobbies the government

on behalf of numerous industries that the Department regulates, most prominently oil and gas companies.  He then served in various positions in DOI during the George W. Bush administration, and was appointed to be the Solicitor of DOI in 2006.  At the end of President Bush's second term, Mr. Bernhardt returned to private practice, lobbying on behalf of the oil and gas industries.  In July 2017, he again rejoined the DOI when he was appointed to be the Deputy Secretary of the Interior under the Trump Administration.

7.     Similarly, James Cason, Associate Deputy Secretary of the Interior, represented industries opposed to environmental regulation before being appointed to leadership positions in the Bureau of Land Management under the administrations of Ronald Reagan and George W. Bush.  He then returned to the private sector for several years working for various companies that processed petroleum products, before again being appointed to the DOI as the Associate Deputy Secretary of Interior in the George W. Bush administration.  At the conclusion of the second Bush administration, Cason again returned to the private sector as a representative of various energy industries, before being appointed to his current position as Associate Deputy Secretary of the Interior with the present Administration.

8.     Likewise, Vincent DeVito previously worked in the United States Department of Energy as the Assistant Secretary for Policy and International Affairs during the George W. Bush administration, and then entered the private sector as a representative of energy industries. He now serves in the newly created position of Counselor to the Secretary for Energy Policy in the DOI.

9.     Prior to entering federal service, Kathleen Benedetto represented mining industries in their efforts to lobby the federal government to reduce protections for federal lands, and to weaken the Endangered Species Act.  She then took a position in the staff of the House

Natural Resources Energy and Mineral Resources Subcommittee before returning to the private sector. She was then appointed to the DOI, where she now serves as Senior Advisor to the Director of the Bureau of Land Management.

10.    Although individuals moving between the private sector and government are not necessarily engaged in any unlawful or unethical practices, the phenomenon of the "revolving door" is a source of major concern for advocates such as FOE that monitor DOI's implementation of laws under its jurisdiction and attempt to educate the public about the degree to which the government's management of public lands and natural resources may be subject to an undue degree of influence from regulated industries.

### B.    The Freedom of Information Act

11.    "The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152 (1989) (citations omitted). FOIA was enacted to "permit access to official information long shielded unnecessarily from public view" by creating a "right to secure such information from possibly unwilling official hands." *Dept't of Air Force v. Rose*, 425 U.S. 352, 361 (1976) (citation omitted). "[D]isclosure, not secrecy, is the dominant objective of the Act." *John Doe*, 493 U.S. at 152 (citation omitted).

12.    FOIA requires agencies of the federal government to conduct a reasonable search for requested records and to release them to a requester, unless one of nine specific statutory exemptions applies to the requested information. 5 U.S.C. § 552(a)(3), (b).

13.    FOIA requires federal agencies to release all non-exempt segregable information that is requested. *Id.* § 552(b).

14.     Upon receiving a FOIA request, an agency generally has twenty working days to respond, *id.* § 552(a)(6)(A)(i), and twenty working days to respond to any appeal of its initial determination, *id* § 552(a)(6)(A)(ii).

15.     A requester has exhausted administrative remedies "if the agency fails to comply" with either twenty-day deadline.  *Id.* § 552(a)(6)(C)(i).  In that event, FOIA authorizes the requester to invoke the jurisdiction of a federal court to obtain the requested information.  *Id.* § 552(a)(4)(B).

**C.     FOE's FOIA Requests**

16.     On January 30, 2018, FOE filed a FOIA request with DOI's Office of the Solicitor for "[t]he final version as well as any drafts, of the ethics manual, the development of which was discussed on July 18, 2017 at a meeting titled 'Ethics Manual Meeting' that appeared on the Principal Deputy Solicitor of the Interior Department Daniel Jorjani's calendars, as released by Interior."  On February 1, 2018, the Office of the Solicitor sent FOE a letter acknowledging that request and assigning it tracking number SOL-2018-00098.

17.     On March 6, 2018, FOE filed a FOIA request with DOI's Office of the Solicitor requesting the following records:

a.  Any and all ethics forms, agreements or documentation for Deputy Secretary of the Interior David Bernhardt, including but not limited to: ethics agreements; recusal agreements, lists, or other documentation; written waivers; regulatory exemptions; and a list of Mr. Bernhardt's former clients when he was employed at Brownstein Hyatt Farber Schreck LLP

b.  The contents of the card listing the companies Mr. Bernhardt must avoid, which is referenced in the December 21, 2017 Bloomberg article titled: "Ex-Industry Lobbyists Win Top Jobs in Agencies They Once Fought; and

c.  Communications between Edward McDonnell, currently serving as the Designated Agency Ethics Official, and Mr. Bernhardt.

On March 13, 2018, the Office of the Solicitor sent FOE a letter acknowledging this FOIA

request and assigning it tracking number SOL-2018-00129.

18.     On April 4, 2018, FOE submitted a FOIA request to DOI's Office of the Solicitor

requesting the following records:

      a.     Any and all ethics forms, agreements or documentation for Associate Deputy
           Secretary of the Interior James Cason, including but not limited to: ethics
           agreements; recusal agreements, lists, or other documentation; written waivers;
           regulatory exemptions; and a list of Mr. Cason's former clients when he was
           Executive Vice President and Principal of Energy and Alternative Energy at
           Kelly, Anderson & Associates, Inc.; and

      b.     Communications between Edward McDonnell, currently serving as the
           Designated Agency Ethics Official, and Mr. Cason.

On April 13, the Office of the Solicitor sent FOE a letter acknowledging this request and

assigning it tracking number SOL-2018-00142.

19.     On April 9, 2018, FOE submitted two FOIA request to DOI's Office of the

Solicitor seeking the following records:

      a.     Any and all ethics forms, agreements or documentation for Senior Advisor to the
           Bureau of Land Management Kathleen Benedetto, including but not limited to:
           ethics agreements; recusal agreements, lists, or other documentation; written
           waivers; regulatory exemptions; and a list of Ms. Benedetto's former clients when
           she was employed with or consulting for the Women's Mining Coalition,
           Montanans for Common Sense Water Laws, National Wilderness Institute, and/or
           Bioxy Research;

      b.     Communications between Edward McDonnell, currently serving as the
           Designated Agency Ethics Official, and Ms. Benedetto;

      c.     Any and all ethics forms, agreements or documentation for Counselor to the
           Secretary for Energy Policy Vincent DeVito, including but not limited to: ethics
           agreements; recusal agreements, lists, or other documentation; written waivers;
           regulatory exemptions; and a list of Mr. DeVito's former clients when he was
           president of International Energy Strategies and/or partner at Bowditch & Dewey
           LLP; and

      d.     Communications between Edward McDonnell, currently serving as the
           Designated Agency Ethics Official, and Mr. DeVito.

On April 12, 2018, the Office of the Solicitor sent FOE a letter acknowledging these requests and assigning them tracking numbers SOL-2018-00151 and SOL-2018-00152.

20.     On April 9, 2018, FOE submitted a FOIA request to DOI's Office of the Secretary requesting the following records:

      a.   Contracts with communications, public relations, or other firms to assist Department of Interior communications with the public, to guide Interior in its interaction with the public, or otherwise aid Interior in messaging to the public.

On May 3, 2018, the Office of the Secretary sent FOE a letter acknowledging this request and assigning it tracking number OS-2018-01011.

21.     On April 27, 2018, FOE filed a FOIA request with DOI's Office of the Secretary seeking the following records:

      a.   All calendar entries [from January 20, 2017 to the day the records search is made for this request] for Secretary Ryan Zinke, Deputy Secretary David Bernhardt and Associate Deputy Secretary James Cason, including but not limited to:

        • Calendar entry titles,

        • Dates,

        • Times,

        • Meeting locations,

        • Meeting attendees, and

        • The meeting descriptions from the electronic calendar entries, including those descriptions not included, but also not redacted, in the previously released calendars.

On May 22, 2018, the Office of the Secretary sent FOE a letter acknowledging this request and assigning it tracking number OS-2018-01100.

22.     DOI has not provided FOE any information responsive to these FOIA requests nor a determination as to what, if any, information DOI intends to produce, what information it intends to withhold, and the basis for such decisions.

23.     The statutory deadlines for responding to FOE's FOIA requests have passed.

### PLAINTIFF'S CLAIMS FOR RELIEF

24.     By failing to provide to FOE all non-exempt information FOE has requested under FOIA, DOI is violating FOIA, 5 U.S.C. §552(a)(3).

25.     Plaintiff FOE has a right to obtain the requested information, and DOI has no lawful basis for withholding it, nor has DOI cited any basis for doing so.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court:

1.     Declare that Defendant DOI is in violation of FOIA;

2.     Order Defendant DOI to immediately release to Plaintiff all non-exempt information responsive to Plaintiff's' various FOIA requests at issue in this case;

3.     Award Plaintiff its costs and attorneys' fees; and

4.     Award Plaintiff such other and further relief as the Court may deem just and proper.

Respectfully submitted,

/s/ William N. Lawton
DC Bar No. 1046604

/s/ Elizabeth L. Lewis
D.C. Bar No. 229702

/s/ Katherine A. Meyer
D.C. Bar No. 244301

Meyer Glitzenstein & Eubanks, LLP

4115 Wisconsin Ave. NW, Suite 210
Washington, D.C. 20016
(202) 588-5206
(202) 588-5049 (fax)
nlawton@meyerglitz.com
llewis@meyerglitz.com
kmeyer@meyerglitz.com